**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BILAL KHIRY LASHAWN DEAN,  *Plaintiff*, | : :  : |
| v. | : : CIVIL ACTION NO. 23-CV-4716 |
| C.F.C.F. CORRECTIONAL PRISON,  *Defendant*. | : : : |

**MEMORANDUM**

**PAPPERT, J.**                                                              December 12, 2023

*Pro se* plaintiff Bilal Khiry Lashawn Dean sued the Curran-Fromhold Correctional Facility over alleged mistreatment. Dean, who filed his case after he was released from custody, also seeks leave to proceed *in forma pauperis*. For the following reasons, Dean may proceed without paying the filing fee and his Complaint will be dismissed with prejudice on statutory screening pursuant to 28 U.S.C. § 1915.

I[1]

Dean alleges he was detained at "C.F.C.F. Correctional Prison," which presumably refers to the Curran-Fromhold Correctional Facility in Philadelphia – in May 2022.[2] When he arrived there, he was housed in a multi-purpose room with four other men and remained there for more than one month. (Compl. at 3-4.) The room

---

[1] The facts set forth in this Memorandum are taken from Dean's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] While Dean is not specific, it appears he was held at CFCF as a pretrial detainee, rather than a convicted prisoner. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while claims by pretrial detainees are governed by the due process provision of the Fourteenth Amendment. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Construing Dean's allegations liberally, the Court will apply the constitutional standards applicable to pretrial detainees.

was intended to be used for storage and not to house prisoners. (*Id.* at 4.) He claims that correctional officers were "just in a hurry to station me." (*Id.*) Due to these arrangements, Dean developed skin issues and has to use ointments to help clear up his skin. (*Id.* at 5.) He seeks an unstated amount of damages "for suffering being placed in a storage closet." (*Id.*)

II

The Court grants Dean leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Dean is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Dean appears to assert constitutional claims over his placement in the storage area; he seeks to invoke the Court's federal question jurisdiction.  The vehicle by which constitutional claims may be asserted in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

Dean sued only the prison itself.  A § 1983 claim asserted against a prison or jail is not plausible because a prison or jail is not a "person" under Section 1983.  *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

Even if Dean had named an individual allegedly responsible for his skin issues, his claim would still not be plausible.  To establish a basis for a Fourteenth Amendment violation, a detainee must allege that his conditions of confinement amount to punishment.  *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).  "Unconstitutional punishment typically includes both objective and subjective components."  *Stevenson v. Carroll*, 495

F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

In that regard, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017). Courts should consider the totality of the circumstances in evaluating such a claim. *Bistrian*, 696 F.3d at 373 ("In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution."). Furthermore, "[i]n determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion," courts are obligated to keep in mind that "such considerations are peculiarly within the province and professional expertise of corrections officials . . . ." *Stevenson*, 495 F.3d at 68 n.3.

Courts have held that housing multiple inmates in a cell or using non-traditional areas of the institution to house detainees does not alone establish a constitutional violation. *See Hubbard*, 538 F.3d at 236 & n.6 (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *id.* at 232-35 (housing of detainees in gym, weight room, and receiving area due to

4

overcrowding, did not amount to punishment); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (*per curiam*) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Dean has not stated a plausible constitutional violation because he has not alleged that the conditions in which he was housed for the one-month period amounted to punishment, deprived him of a basic need, or otherwise caused him objectively serious harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *see also Walker v. George W. Hill Corr.*, No. 18-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding).

An appropriate Order follows.

                                                              **BY THE COURT:**

                                               */s/ Gerald J. Pappert*
                                               **GERALD J. PAPPERT, J.**